J-A22038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KELI ANN AKERS | : | |
| | : | |
| Appellant | : | No. 1131 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 12, 2022
In the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000605-2021,
CP-56-CR-0000606-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED:  September 26, 2023**

Appellant, Keli Ann Akers, appeals *pro se*[1] from the judgment of

sentence entered in the Somerset County Court of Common Pleas, following

_____

[1] We note that the Public Defender's office represented Appellant at trial and through post-sentencing procedures.  On September 9, 2022, counsel filed a motion to withdraw, alleging that Appellant is a veterinarian, had received a bail refund, and no longer qualified for free representation.  Counsel alleged that if Appellant re-certified and verified her income, the Public Defender's office would reconsider its position, but Appellant had failed to do so.  On September 16, 2022, the court granted the motion to withdraw.  Although Appellant states in her notice of appeal that she qualifies for court-appointed counsel, she does not allege that she completed the requisite paperwork to prove she meets the eligibility requirements for court-appointed counsel.  To the contrary, in other filings, Appellant has maintained that her "financial well-being is not the interest or business of [this] state" and that "[t]he fact [she] continuously must 'report' [her] earnings to anyone other than [her] accountant or the Internal Revenue Service is unconstitutional."  (Appellant's Application to Reinstate Appeal, filed 3/8/23, at unnumbered pp. 4).  Under these circumstances, we will not disturb Appellant's *pro se* status.

her jury trial convictions for terroristic threats, recklessly endangering another person ("REAP"), fleeing or attempting to elude police, and disorderly conduct, and her bench trial conviction for harassment.[2]  We dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On May 17, 2022, a jury convicted Appellant of terroristic threats, REAP, fleeing or attempting to elude police, and disorderly conduct, at docket 606-2021.  At docket 605-2021, the court convicted Appellant of summary harassment.  The court sentenced Appellant on August 12, 2022, to an aggregate of four years' probation.  Appellant filed a post-sentence motion at docket 606-2021 on August 19, 2022, which the court denied on August 22, 2022.  Appellant timely filed a single *pro se* notice of appeal on Monday, September 12, 2022, listing each underlying docket number.[3]  On October 3, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

_____

[2] 18 Pa.C.S.A. §§ 2706(a)(1); 2705; 75 Pa.C.S.A. § 3733(a); 18 Pa.C.S.A. §§ 5503(a)(1); and 2709(a)(1), respectively.

[3] Appellant's filing of a single notice of appeal violates our Supreme Court's decision in *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018) (holding that filing of single notice of appeal from order involving more than one docket violates Pa.R.A.P. 341).  Nevertheless, in *Commonwealth v. Young*, ____ Pa. ____, 265 A.3d 462 (2021), the Court expressly overruled the pronouncement in *Walker* that the failure to file separate notices of appeal in these circumstances necessarily requires this Court to quash the appeal.  The *Young* Court held that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate."  *Id.* at ____, 265 A.3d at 477.  *See also* Pa.R.A.P. 902(b)(1) (effective May 18, 2023) (stating that failure of any party to comply with requirements stated in subdivision (a), which provides
*(Footnote Continued Next Page)*

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). ***See also*** Pa.R.A.P. 2114-2119 (stating requirements of each subsection of brief); Pa.R.A.P. 2101 (explaining that briefs which fail to conform with requirements of rules may be suppressed, and, if defects in brief are substantial, appeal may be quashed or dismissed).

Instantly, Appellant's brief fails to adhere to the rules of appellate procedure. Although Appellant purports to include the headings for the various sections of an appellate brief, the content provided under the headings does not conform to the relevant rules. For example, under the "Statement of both the Scope of the Review and Standard of Review" heading, Appellant merely explains where certain proceedings occurred. She does not actually

---

that notice of appeal must be filed in each docket in which order has been entered, does not affect validity of appeal, but appeal is subject to such action as appellate court deems appropriate; such action may include remand to trial court so that omitted procedural step may be taken). Based on our disposition to dismiss the appeal, we decline to remand to correct the procedural error.

supply the relevant standard and scope of review. As well, under the "Statement of Questions Involved" heading, Appellant provides a narrative of her version of events, but she fails to articulate a cogent issue for our review. Further, Appellant cites no law whatsoever in her entire brief, in blatant violation of Rule 2119(a). *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review. ***See Adams, supra***; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss her appeal.

Appeal dismissed. Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2023

- 4 -